UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHARI D. JAMES** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **6:23-cv-00916-TAD-DJA** |
| vs. | § | |
| | § | |
| | § | |
| **NORTHSTAR LOCATION SERVICE** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S ANSWER AND DEFENSES TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** defendant Northstar Location Services, LLC, erroneously sued as Northstar Location Service, ("Defendant"), by and through its undersigned counsel of record, and answers and asserts additional and affirmative defenses to Plaintiff's Amended Complaint and Demand for Jury Trial (the "Complaint") (R. Doc. 9), as follows:

**ANSWER**

To the extent that the allegations contained in Plaintiff's Complaint are against any party other than Defendant, or are not directed at Defendant, no response is required. If a response is due with respect to any such allegation, those allegations are denied.

**AND NOW**, in response to each of the allegations set forth in Plaintiff's Complaint, Defendant hereby responds as follows:

**INTRODUCTION**

1. The allegations set forth in paragraph 1 of the Complaint contain legal conclusions to which no response is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies any allegation in paragraph 1 that may imply liability on the part of Defendant.

1

## II. JURISDICTION

2. The allegations set forth in paragraph 2 of the Complaint contain legal conclusions to which no response is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 2 of the Complaint in all respects.

## III. PARTIES

3. Defendant currently lacks sufficient information to respond to the allegations set forth in paragraph 3 of the Complaint, and on that basis, denies the allegations in all respects.

4. The allegations set forth in paragraph 4 of the Complaint purport to be legal conclusions to which no answer is required. In any event, these allegations are denied in all respects.

5. Defendant admits that its principal place of business is properly stated. Defendant denies any remaining allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

## IV. FACTS

7. Defendant currently lacks sufficient information to respond to the allegations set forth in paragraph 7 of the Complaint, and on that basis denies these allegations in all respects.

8. Defendant currently lacks sufficient information to respond to the allegations set forth in paragraph 8 of the Complaint, and on that basis denies the allegations in all respects.

9. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 9 of the Complaint in all respects.

10. The allegations set forth in paragraph 10 of the Complaint purport to be legal conclusions to which no answer is required. In any event, these allegations are denied in all respects.

11. The allegations set forth in paragraph 11 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 11 of the Complaint in all respects.

12. Defendant admits only that Exhibit B speaks for itself. Defendant denies that any wrongful, illegal or actionable conduct occurred, and denies the allegations set forth in paragraph 12 of the Complaint in all respects.

13. Defendant admits only that Exhibit C speaks for itself. Defendant currently lacks sufficient information to respond to the allegations set forth in paragraph 13 of the Complaint, and denies the allegations in all respects.

14. Defendant denies that any wrongful, illegal or actionable conduct occurred, and further denies the allegations set forth in paragraph 14 of the Complaint in all respects.

15. The allegations set forth in paragraph 15 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 15 of the Complaint in all respects.

16. The allegations set forth in paragraph 16 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 16 of the Complaint in all respects.

17. The allegations set forth in paragraph 17 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 17 of the Complaint

in all respects.

18. The allegations set forth in paragraph 18 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 18 of the Complaint in all respects.

19. The allegations set forth in paragraph 19 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 19 of the Complaint in all respects.

20. The allegations set forth in paragraph 20 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 20 of the Complaint in all respects.

21. The allegations set forth in paragraph 21 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 21 of the Complaint in all respects.

22. The allegations set forth in paragraph 22 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 22 of the Complaint in all respects.

23. The allegations set forth in paragraph 23 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or

actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 23 of the Complaint in all respects.

24. The allegations set forth in paragraph 24 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 24 of the Complaint in all respects.

25. The allegations set forth in paragraph 25 of the Complaint purport to be legal conclusions to which no answer is required. Defendant denies that any wrongful, illegal or actionable conduct occurred, nor has Plaintiff has suffered any injury or damage whatsoever. Defendant denies the allegations set forth in paragraph 25 of the Complaint in all respects.

## V. COUNT 1 VIOLATION OF FCRA

26. Defendant restates its responses to the foregoing paragraphs as if set forth verbatim herein.

27. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 27 of the Complaint in all respects.

28. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 28 of the Complaint and its subparts (a) through (f), in all respects.

29. Defendant denies that any wrongful, illegal or actionable conduct occurred and denies the allegations set forth in paragraph 29 of the Complaint in all respects.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

Section IV of the Complaint purports to be a prayer for relief, to which no response is required. Defendant denies that any wrongful, illegal or actionable conduct occurred and further

denies that Plaintiff is due the relief requested, or any other relief whatsoever. Defendant denies the allegations set forth in Section IV of the Complaint, and its subparts A. through E. in all respects.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because he lacks standing and, accordingly, the Court lacks subject matter jurisdiction over this action. More particularly, Plaintiff cannot establish that he suffered an injury-in-fact, including a "concrete" injury, as a result of any alleged violation of the FCRA.

2. Plaintiff is barred from recovery, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action. Therefore, the Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred because Defendant, at all relevant times, followed reasonable procedures, made, and continues to make, a good faith effort to comply with the FCRA, and never willfully violated any provision of the FCRA.

4. Plaintiff's claims are barred as he has not suffered any damages as a result of any alleged violation of the FCRA.

5. Defendant is not liable for any damages, including any punitive damages, to Plaintiff as Defendant's exercise of its obligations under the FCRA is not objectively unreasonable and it did not act with the requisite scienter to impose damages.

6. Defendant reserves the right to amend or modify its defenses as allowed by the Rules.

**WHEREFORE**, having answered Plaintiff's Complaint, Defendant respectfully requests that all claims be dismissed and that judgment entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Steven M. Stastny*

Steven M. Stastny
LA State Bar No. 21133
Email: sstastny@grsm.com
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170
Telephone: (504) 754-6973
Facsimile: (504) 208-3670

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I certify that on September 14, 2023, I have emailed the foregoing to Plaintiff's email address listed on his pleadings: joharijames61@yahoo.com

*/s/ Steven M. Stastny*
Steven M. Stastny